Erin Lane WSBA 42504
Washington Law Group PLLC
2319 N 45th St Ste 215A
Seattle, WA 98103
P – 206.445.8281

The Hon. Timothy Dore
Chapter 7
Hearing Date: 8.11.23 9:30 AM
Response Date 8.4.23
Location: Seattle 8106

# IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>HOUSTON CURRY WADE,<br><br>Debtor.<br>―――――――――――――――――<br><br>WILLIAM NELSON,<br><br>Plaintiffs,<br>    vs.<br><br>HOUSTON CURRY WADE,<br><br>Defendant.<br><br>    Defendant | BANKRUPTCY NO. 22-10582-TWD<br>CHAPTER 7<br><br>ADVERSARY NO. 22-01039-TWD<br><br><br><br>DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT |

COMES NOW, Houston Wade, the Defendant in the above-styled Adversary Proceeding, by and through his undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure, and Local Bankruptcy Rule 9013-1. Mr. Wade respectfully moves this Honorable Court for an order granting summary

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 1

judgment as to all claims asserted against him by Plaintiff, William Nelson, pursuant to 11 U.S.C. § 523(a)(6) (the "Motion for Summary Judgment").

**TABLE OF CONTENTS**

I. INTRODUCTION………………………………………………………………..3

II. UNDISPUTED FACTS……………………………………………………………3

III. ARGUMENT……………………………………………………………………6

   a. DENIAL OF DISCHARGE – GENERAL STANDARD…………………….…7

   b. DEBTOR LAKED THE SUBJECTIVE MOTIVE……………………………8

IV. CONCLUSION…………………………………………………………………10

**TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986)…………………………7

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, (1986).7

*In re Bernard*, 96 F.3d 1279 (9th Cir. 1996)……………………………………………………..7

*In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985) …………………………………………………7

*Weiner v. Perry, Settles & Lawson, Inc.* 208 B.R. 69, 71-72 (B.A.P. 9th Cir. 1997)……………..7

*Grogan v. Garner*, 498 U.S. 279, 284, 111 S.Ct. 654 (1991)……………………………………7

*In re Adeeb*,787 F.2d 1339, 1343 (9th. Cir. 1986)………………………………………………8

*Ormsby v. First Am. Title Co. of Nev*, 591 F.3d 1199, 1206 (9th Cir. 2010)……………………..8

*In re Su*, 290 F.3d 1140 (9th Cir. 2002)…………………………………………………………..8

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 2

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

STATUTES

11 U.S.C §523(a)(6)………………………………………………………………………….3

Fed. R. Civ. P. 56(c) and (e)……………………………………………………………6&7

Fed. R. Civ. P. 8……………………………………………………………………………10

## I. INTRODUCTION

Plaintiff alleges that Defendant committed willful and malicious injury against him, and therefore, the debt that is the subject of this Adversary Proceeding is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This court already granted Summary Judgment to the Plaintiff on the Malicious prong. This Summary Judgment will only focus on the Willful Prong. Defendant contends that Plaintiff has failed to establish the element of willful as required under 11 U.S.C. § 523(a)(6). There are no genuine disputes as to any material facts with respect to the Plaintiff's lack of evidence regarding the foregoing. Under these circumstances, the Defendant is entitled to summary judgment against the Plaintiff.

## II. UNDISPUTED FACTS

1. On October 4, 2018, Mr. Wade posted on his personal Facebook page about a friend of his who had escaped a sexual assault from an "alcoholic Republican politician/real estate developer". It was revealed in the comments below the post that it was Plaintiff Bill Nelson. See Declaration of Houston Wade.

2. After numerous responses to the October 4, 2018 post containing stories of Mr. Nelson's crimes against women and children and his reputation amongst the community as well as

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 3

the naming of other men who had done similar crimes, Mr. Wade decided to create the Facebook News and Media page The Bainbridge Island Bad List (hereinafter Bad List) in early Fall of 2018. *Id*.

3. The mission statement for the Bad List was "Here at the Bainbridge Island Bad List our goal is to let you know just who the worst of our neighbors are. We think you should know who the rapists, abusers, and creeps are so that you can protect you and your loved ones with knowledge." *Id*.

4. In October 2018 Mr. Wade created a News and Media article on the Bad List about Mr. Nelson based on Mr. Wade's personal knowledge, public records such as DUI charges and domestic Protection Orders, and Mr. Nelson's reputation among people in the community that Mr. Nelson raped a woman in Fort Ward on Bainbridge Island and engaged in a coverup with the Bainbridge Island Police Department, a victim of Mr. Nelson's committed suicide as a result of his actions years after he raped her, Mr. Nelson engaged in illegal conduct in conjunction with the Bainbridge Island Police and Fire Departments with underage women at a speakeasy called the "Chicken Coop," including paying money, liquor, and drugs in exchange for illegal and immoral conduct, including rape and child abuse, domestic violence, cocaine use, and Mr. Nelson stalked and threatened Mr. Wade's life.

5. Mr. Wade also made a post on the Bad List regarding a John Du Wors. Mr. Du Wors sued Mr. Wade in Bainbridge Island Municipal Court, under case No 46-18. During that hearing Mr. Wade testified his purpose for the Bainbridge Island Bad List is to warn

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 4

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

Case 22-01039-TWD    Doc 52    Filed 07/11/23    Ent. 07/11/23 11:54:53    Pg. 4 of 10

members of our community, and particularly women and children, of the men who seek to target them." *Id*.

6. On or about November 19, 2018, Mr. Nelson brought a civil lawsuit in Kitsap Superior Court under case number 18-2-03205-18 claiming Defamation Per Se against Mr. Wade. (hereinafter State Court).

7. During the State Court Mr. Wade maintained his intention for creating the Bad List was to warn the public of bad actors in various court documents:

    a. The April 22, 2019, Declaration of Houston Wade at paragraph 17, 18 and 20 attached as Exhibit B to the Declaration of Houston Wade.

    b. Mr. Wade's answer to the complaint page 3 lines 1 -4 and page 4 line 15-16 where he denies he encouraged others to be vindictive towards Mr. Nelson. Mr. Wade encouraged others, especially women and girls, to stay away from Mr. Nelson. See Exhibit C to the Declaration of Houston Wade.

8. On or about September 27, 2021, Finding of Facts and Conclusions of Law was entered in the State Court on a Default Judgment as presented as EX A to Mr. Nelson's complaint to this adversary.

9. Mr. Wade learned of a judgment against him when his bank account was levied in February 2022. He then decided to file for Bankruptcy. See Declaration of Houston Wade.

10. On or about May 24, 2022, Mr. Wade filed for Chapter 7 bankruptcy under case 22-10582.

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 5

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

Case 22-01039-TWD    Doc 52    Filed 07/11/23    Ent. 07/11/23 11:54:53    Pg. 5 of 10

11. Mr. Nelson brought this adversary claiming the debt owed to him is non dischargeable under 11 U.S.C §523(a)(6).

12. Mr. Nelson filed a Summary Judgment Motion (hereinafter SJM) with this court on or about January 5, 2023, and failed to provide this court with substantial evidence to support the Malicious prong to 11 U.S.C §523(a)(6) and this court denied his SJM only as to the Malicious prong on February 27, 2023.

13. Mr. Nelson pointed out in his SJM the statements made about him were "made with the specific intent to injure Mr. Nelson and his personal and professional reputation." See ECF 22 page 2 lines 12-13.

14. To support Mr. Nelson's claims of Mr. Wade's intent he filed a declaration in support of the SJM attaching his Declaration in State Court as Ex A stating "Defendant's purpose in doing these things was to 'run me off the island.'" See Ex E to Houston Wade's Declaration. No other evidence has been submitted.

15. Mr. Wade maintains the reason why he posted was to warn women and girls to, stay away. See Declaration of Houston Wade.

### III. ARGUMENT

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has met its initial burden, the non-moving party may not rest upon mere allegations or denials of the moving party's

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 6

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

Case 22-01039-TWD    Doc 52    Filed 07/11/23    Ent. 07/11/23 11:54:53    Pg. 6 of 10

pleading, but must, by competent affidavits, must set forth specific facts showing that there is a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(e).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there must be no genuine dispute of "material" fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 106 S.Ct. at 2510. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

### A. DENIAL OF DISCHARGE – GENERAL STANDARD

The right to a discharge is construed liberally in favor of the debtor and strictly against objecting parties. *In re Bernard*, 96 F.3d 1279, 1281 (9th Cir. 1996); *In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985); *Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner)*, 208 B.R. 69, 71-72 (B.A.P. 9th Cir. 1997), *rev'd on other grounds*, 161 F.3d 1216. It is a basic tenet of bankruptcy, however, that the discharge is equitable in nature and is intended only for honest debtors. *Bernard*, 96 F.3d at 1283. The objecting party must establish its case by a preponderance of the evidence; no heightened evidentiary burden is imposed. *Grogan v.*

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 7
WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

Case 22-01039-TWD    Doc 52    Filed 07/11/23    Ent. 07/11/23 11:54:53    Pg. 7 of 10

*Garner*, 498 U.S. 279, 284, 111 S.Ct. 654 (1991). Lack of injury to creditors is irrelevant for purposes of denying a discharge in bankruptcy. *Bernard*, 96 F.3d at 1281-82; *In re Adeeb*, 787 F.2d 1339, 1343 (9th. Cir. 1986). Based on the court records and evidence submitted, simply put, Mr. Nelson has not reached the evidentiary standard for the debt owed to him be excepted from discharge.

### B. DEBTOR LACKED THE SUBJECTIVE MOTIVE

In order for the debt to be nondischargeable, the Plaintiff is required to prove that the Defendant intended to cause injury. Under the Bankruptcy Code, a debt that arises out of "willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 USC §523(6). Section 523(a)(6) excepts from discharge debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) (quoting § 523(a)(6)). A plaintiff seeking to except a debt from discharge under this section must prove that the actor intended the consequences of the act, not simply the act itself. *Id.* Both willfulness and maliciousness must be proven to block discharge under § 523(a)(6). *Id.* The "willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Id.* (quoting *In re Su*, 290 F.3d at 1142). The debtor is charged with the knowledge of the natural consequences of his actions. *Id.*

The word "willful" in (a)(6) modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 8

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." .... [T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act", not simply "the act itself."...In re Su, 290 F.3d 1140, 1143 (9th Cir. 2002)

Throughout the State Court Case and this Adversary Mr. Wade has made it clear he created the Bainbridge Islanders Bad List (hereinafter Bad List) to warn people in the community about bad actors. See declaration of Houston Wade in support of this motion. Mr. Wade gathered his information from his own personal knowledge, public records and what other people have told him about Mr. Nelson. *Id*. Feeling frustrated in the judicial system and inspired by the Kavanaugh senate hearings, Mr. Wade believed the community needed to be made aware of men who had done bad acts against women and children so they could make up their own minds on how to interact with them. *Id*. In other words not to blindly trust a person.

Mr. Nelson claims he suffered business loss and emotional distress from the Bad List. See ECF 23, Declaration of William Nelson, Page 3, paragraph 8 and 9. However he has failed to provide this court evidence that Mr. Wade's intention was to injure Mr. Nelson in this regard. The only evidence the Plaintiff has submitted to this court in support of Defendant's subjective intent is through Mr. Nelson's declaration that "Defendant's purpose in doing these things was to run Mr. Nelson off the island." See Ex C. Which was also noted in the Findings of Facts and Conclusions of Law in the default judgment this Adversary is based on. (See ECF 23-7 Page 3

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 9

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

paragraph 3) No further evidence has been submitted. The state court judgment, standing alone, did not establish Mr. Wade acted willfully. What the State Court Judgment shows is that Mr. Wade acted, and from the acts an injury occurred. It does not show that Mr. Wade willfully caused the injuries. The State Court Judgment and this case is precisely what the Su Court ruled upon as not falling into the willful requirement of 523(a)(6). Just because Mr. Nelson suffered injuries doesn't mean that Mr. Wade set out to cause those injuries. See Houston Wade's Declaration in support of this motion.

## IV. CONCLUSION

Plaintiff has failed to submit any evidence that Defendant intended to cause injury or acted with a reckless disregard for the safety of others. Plaintiff's Complaint fails to provide any facts to establish the necessary element of intent. Plaintiff's sole allegation of "willful and malicious injury" merely restates the language of 11 U.S.C. § 523(a)(6) without providing any factual support as required by Federal Rule of Civil Procedure 8. As Plaintiff has failed to produce any evidence to show Defendant's intent to cause injury or reckless disregard for the safety of others, summary judgment must be granted in favor of Defendant as to all claims asserted by Plaintiff.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order granting summary judgment as to all claims asserted against him by the Plaintiff.

Dated this 11th day of July 2023

/s/Erin Lane
Erin Lane

DEFENDANT HOUSTON CURRY WADE'S MOTION FOR SUMMARY JUDGMENT - 10

WASHINGTON LAW GROUP, PLLC
2319 N 45TH ST STE 215A
SEATTLE, WA 98103
P – 206.686.6054

Case 22-01039-TWD    Doc 52    Filed 07/11/23    Ent. 07/11/23 11:54:53    Pg. 10 of 10