# EXHIBIT D

Washington Law Group, PLLC
Erin Lane WSBA 42504
2319 N 45th St Ste 215A
Seattle, WA 98103
P – 206.686.6054
F – 206.400.7919

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>HOUSTON CURRY WADE<br><br>Debtor,<br><br>WILLIAM NELSON<br><br>Plaintiff<br><br>vs.<br><br>HOUSTON CURRY WADE,<br><br>Defendant | **BANKRUPTCY CASE NO.22-10852-TWD**ADVERSARY CASE NO. 22-01039-TWD<br><br>DEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS |

REQUESTING PARTY: PLAINTIFF, WILLIAM NELSON

RESPONDING PARTY:  DEFENDANT HOUSTON CURRY WADE

SUPPLEMENTAL TO SET NO: ONE (1)

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

    COMES NOW, defendant Houston Curry Wade hereinafter "Responding Party"

hereby supplements his responses under oath to Interrogatories (Set No. One) propounded by

Plaintiff William Nelson., hereinafter "Propounding Party" as follows:

## I.  PRELIMINARY STATEMENT

    Each of the following objections and responses is made solely for the

purposes of this action.  Each response is subject to all objections as to competence, relevance,

materiality, propriety, and admissibility and any and all objections on any ground that would

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 1

require exclusion of any response herein if it were introduced in Court, all of which objections and grounds are expressly reserved and may be interposed at time of trial.

Each of the following objections and responses is based upon information, documents and writings presently available to and located by Responding Party and his attorney. Discovery is continuing and will continue as long as permitted by rule, statute or stipulation of the parties herein, and the investigation of Responding Party's attorneys and agents will continue to and through any hearing, judicial proceedings, or trial of this action. Responding Party reserves the right, prior to or at the time of any hearing, judicial proceeding or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered.

If any information has been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit insertion of responsive information omitted herefrom. No incidental or implied admissions are intended by the objections and responses herein. The fact that Responding Party may respond to the subject discovery request should not be taken as an admission that such responses or objections constitute admissible evidence. The fact that Responding Party may respond or object to any particular request is not intended to and should not be construed to be a waiver by Responding Party of any part of any objection to any portion of said request or any particular request. Each response is subject to all objections as to admissibility and any other objection which would result in the exclusion of any statement or document at trial.

The responses below are based upon information presently known to Responding Party. Responding Party has not completed its investigation of the facts and documents relating to this action, has not fully completed his discovery in this action and has not

completed preparation for trial. Complete investigation of the facts, discovery and trial preparation may lead to amendments to the responses. The responses are also given without prejudice to Responding Party's right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Federal Rule of Civil Procedure, the following responses and objections are provided without prejudice to Responding Party's right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.

## SUPPLEMENTAL GENERAL OBJECTIONS

A.  Responding Party objects to the Interrogatories and Request of Production to the extent that they call for information, communications or documentation protected by the attorney-client privilege and/or the work product doctrine.

B.  Responding Party objects to the Interrogatories and Request for Production to the extent that they are not specified with sufficient particularity or seek information that is not relevant to this action.

C.  Responding party objects to the Interrogatories and Request for Production to the extent any discovery may be construed as calling for information not in the possession, custody, or control of the Responding party. Defendant objects to such discovery on the ground that it is unduly burdensome and oppressive.

D.  Responding party objects to the Interrogatories and Request for Production that are outside the scope of this litigation. Specifically the intent element which Honorable Judge Dore ruled is the only thing he will be considering.

E.  Responding party objects to the Interrogatories and Request for Production to the extent any discovery calls for Defendant to identify or produce information and

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 3

Case 22-01039-TWD    Doc 53-4    Filed 07/11/23    Ent. 07/11/23 11:58:53    Pg. 4 of 22

documents that are confidential or otherwise protected by law, Defendant objects
to such discovery on the grounds that it is unduly burdensome and oppressive.

F.      Responding party objects to the Interrogatories and Request for Production to the
extent any discovery calls for Defendant to identify those documents Defendant
considers relevant to any claim, Defendant objects to such discovery as violative
of the work product doctrine.

G.      In responding to any discovery, Defendant has made reasonable efforts to respond
to the extent Defendant understands and interprets each request. If Plaintiff
subsequently asserts an interpretation of any discovery which differs from that of
Defendant, Defendant reserves the right to supplement his objections.

H.      Responding party objects to the Interrogatories and Request for Production to the
extent any discovery calls for documents or information available from
documents generally available to Plaintiff, already in the possession of Plaintiff,
or otherwise equally available to Plaintiff from third parties or public records.
Defendant objects on the ground that such discovery is unduly burdensome and
oppressive.

The Preliminary Statement and General Objections are incorporated into each
response below, regardless of whether specifically mentioned.  The specific objections
set forth below are not a waiver, in whole or in part, of any of these General Objections.

Subject to and without waiver of these objections, Responding Party
responds below.

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 4

**INTERROGATORY NO. 1:** State in narrative detail the bases for your contention that "This court lacks subject matter jurisdiction." as alleged in Paragraph 1 of your Affirmative Defenses.

**ANSWER**: Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future.

**INTERROGATORY NO. 2:** State in narrative detail the bases for your contention that this is an "Improper venue" as alleged in Paragraph 2 of your Affirmative Defenses.

**ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 5

areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds Defendant has filed a Motion for Change of Venue ECF #15.

**INTERROGATORY NO. 3:** State in narrative detail the bases for your contention that "Plaintiff's claim may be barred by the doctrines of waiver, laches, estoppel or equitable estoppel." as alleged in Paragraph 3 of your Affirmative Defenses.

**ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All

ADVERSARY CASE NO. 22-01039-TWD DEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 6

Case 22-01039-TWD    Doc 53-4    Filed 07/11/23    Ent. 07/11/23 11:58:53    Pg. 7 of 22

affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future.

**INTERROGATORY NO. 4:** State in narrative detail the bases for your contention that "Plaintiff's Complaint fails to state facts sufficient to make a claim upon which relief can be granted" as alleged in Paragraph 4 of your Affirmative Defenses.

**SUPPLEMENTAL ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through

ADVERSARY CASE NO. 22-01039-TWD DEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 7

discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future. Without waiving said objection: Plaintiff has not provided any support of Mr. Wade's intent.

**INTERROGATORY NO. 5:** State in narrative detail the bases for your contention that "Plaintiff's claims against Defendants are without substantial justification, entitling Defendants to costs, expenses, expert witness fees, and attorney fees" as alleged in Paragraph 5 of your Affirmative Defenses.

**SUPPLEMENTAL ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 8

discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future. Without waiving said objection: Plaintiff has not provided any support of Mr. Wade's intent.

**INTERROGATORY NO. 6:** State in narrative detail the bases for your contention that "Plaintiff's claims are barred for insufficient service of process as to Defendant" as alleged in Paragraph 6 of your Affirmative Defenses.

**ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future.

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 9

**INTERROGATORY NO. 7:** Identify each person who has knowledge or information supporting, undermining, or otherwise relating to any of the allegations and claims in Plaintiff's Complaint and your Answer and Affirmative Defenses and describe the substance of each person's knowledge.

**ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this request as it is not relevant to the subject matter of this case or likely to lead to discovery of admissible evidence. There is no plausible chain of inferences showing how this discovery would lead to other admissible evidence. (*Vardon Golf Co., Inc. v. BBMG Golf Ltd.* (ND IL 1994) 156 FRD 641). Relevancy is not so liberal as to allow a party to…explore a matter which does not presently appear germane on the theory that it might conceivable become so. (*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC* (DC Cir. 1997) 103 F. 3d 1007).The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future.

Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or

supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future. Notwithstanding the foregoing, Responding Party responds as follows:

William Nelson

Houston Curry Wade

**INTERROGATORY NO. 8:** State in narrative detail all facts and evidence supporting your prayer for relief that "All claims asserted against him by Plaintiff be dismissed with prejudice."

**ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding

Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that Defendant's speech is protected free speech.

**INTERROGATORY NO. 9:** State in narrative detail the bases for your denial of the allegations made by Plaintiff in Paragraph 4.2 of its Complaint.

**SUPPLEMENTAL ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that Plaintiff has not proven his allegations in Paragraph 4.2 of the Complaint. The Defendant did not have the requisite intent to cause injury. The posts made about Mr. Nelson that are the underlying cause of Kitsap Superior Court Case 18-2-03205-18 and thus this adversary were true. Mr. Nelson doesn't have enough positive regard in the community for his character to be defamed. Any injury Mr. Nelson claims the Defendant caused was due to his own actions and not the posts Defendant made. Mr. Nelson testified under oath on November 6, 2018, at the Du Wors v. Wade hearing at the Bainbridge

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 12

Island Municipal Court he had period of notable cocaine use by his person. There are multiple alcohol-related offenses filed against Mr. Nelson. There are multiple people in the community verifying what the Defendant posted making it common knowledge in the community. The Defendant made the post to warn women and girls, to stay away form Mr. Nelson.

**INTERROGATORY NO. 10:** State in narrative detail the bases for your denial of the allegations made by Plaintiff in Paragraph 4.3 of its Complaint.

**SUPPLEMENTAL ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that Plaintiff has not proven his allegations in Paragraph 4.3 of the Complaint. The Defendant did not have the requisite intent to cause injury. The posts made about Mr. Nelson that are the underlying cause of Kitsap Superior Court Case 18-2-03205-18 and thus this adversary were true. Mr. Nelson doesn't have enough positive regard in the community for his character to be defamed. Any injury Mr. Nelson claims the Defendant caused was due to his own actions and not the posts Defendant made. Mr. Nelson

testified under oath on November 6, 2018, at the Du Wors v. Wade hearing at the Bainbridge Island Municipal Court he had period of notable cocaine use by his person. There are multiple alcohol-related offenses filed against Mr. Nelson. There are multiple people in the community verifying what the Defendant posted making it common knowledge in the community. The Defendant made the post to warn women and girls, to stay away form Mr. Nelson.

**INTERROGATORY NO. 11:** State in narrative detail the bases for your denial of the allegations made by Plaintiff in Paragraph 4.4 of its Complaint.

**SUPPLEMENTAL ANSWER:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this interrogatory as the interrogatory is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this interrogatory, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Notwithstanding the foregoing, Responding Party responds that Plaintiff has not proven his allegations in Paragraph 4.4 of the Complaint. The Defendant did not have the requisite intent to cause injury. The posts made about Mr. Nelson that are the underlying cause of Kitsap Superior Court Case 18-2-03205-18 and thus this adversary were true. Mr. Nelson doesn't have enough

positive regard in the community for his character to be defamed. Any injury Mr. Nelson claims the Defendant caused was due to his own actions and not the posts Defendant made. Mr. Nelson testified under oath on November 6, 2018, at the Du Wors v. Wade hearing at the Bainbridge Island Municipal Court he had period of notable cocaine use by his person. There are multiple alcohol-related offenses filed against Mr. Nelson. There are multiple people in the community verifying what the Defendant posted making it common knowledge in the community. The Defendant made the post to warn women and girls, to stay away form Mr. Nelson.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Produce true and correct copies of all documents and any other forms of evidence that prove, support, or otherwise establish your defenses or affirmative defenses to the claims asserted by Plaintiff against you in this lawsuit.

**RESPONSE:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this request as the request is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this request, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Responding Party responds that the Affirmative

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 15

Case 22-01039-TWD    Doc 53-4    Filed 07/11/23    Ent. 07/11/23 11:58:53    Pg. 16 of 22

Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future. Notwithstanding the foregoing, Responding Party responds as follows:

Notwithstanding the foregoing, Responding Party responds:

1. Blog (Bates 1)

2. Plaintiff's Washington State Criminal History (Bates 2-9)

3. Ginger Restraining Order (Bates 10-22)

4. Jerod Oullette Message (Bates 23)

5. Katie Fisher Email (Bates 24)

6. Letter from Ryan Landworth (Bates 25)

7. Message from Benjamin Kardong (Bates 26)

8. Email from Ashley Cross DeGrow (Bates 27)

**REQUEST FOR PRODUCTION NO. 2:** Produce true and correct copies of all communications, including but not limited to emails, texts, letters, and notes of phone conversations between you and any person regarding this lawsuit.

**SUPPLEMENTAL RESPONSE:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this request as the request is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product.

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 16

Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged.  (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129).  The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this request, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves and is based on the allegations contained in the operative complaint.  All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation.  Investigation continues and this responding party reserves the right to supplement this response in the future. Notwithstanding the foregoing, Responding Party responds as follows: See documents produced in Request for Production 1. Defendant need not produce any other documents as this interrogatory requests documents related to this lawsuit because there are none that are not protected by attorney-client privilege. This lawsuit was filed on August 25, 2022. Any documents relating to the lawsuit filed in Kitsap County Superior Court Case 18-2-03205-18 were turned over to Plaintiff within that lawsuit. Defendant further objects to this request to the extent that it seeks information that Plaintiff or its counsel already have in their possession, custody, or control, or which are equally available to Plaintiff through reasonable inquiry and publicly available databases.  Discovery is ongoing and Defendant reserves the right to supplement.

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 17

**REQUEST FOR PRODUCTION NO. 3:** Produce true and correct copies of all documents which form the basis of any defense to the claims asserted by Plaintiff in this Lawsuit.

**SUPPLEMENTAL RESPONSE:** Responding Party restates and incorporates its General Objections as though fully set forth herein. Responding Party objects to this request as the request is overly broad, vague and ambiguous. Responding Party objects to this interrogatory as the information requested is protected by attorney/client privilege and attorney work product. Correspondence which reveals the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privileged. (See *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F. 2d 127,129). Defendant further objects to this request to the extent that it seeks information that Plaintiff or its counsel already have in their possession, custody, or control, or which are equally available to Plaintiff through reasonable inquiry and publicly available databases. Discovery is ongoing and Defendant reserves the right to supplement. The following response is given without prejudice to Responding Party's right to supplement and amend its response and objections to this request, and Responding Party expressly reserves the right to amend or supplement these responses, particularly to the extent Plaintiff modifies, clarifies, or changes its allegations in the future. Responding Party responds that the Affirmative Defense concerns the nature of the pleadings themselves, and is based on the allegations contained in the operative complaint. All affirmative defenses were plead on the advice of counsel so they would not be waived and with a good faith belief that they will be supported by facts, evidence, expert investigation and/or documentation obtained through discovery and investigation. Investigation continues and this responding party reserves the right to supplement this response in the future.

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 18

Notwithstanding the foregoing, Responding Party responds as follows: See documents produced in Request for Production 1.

VERIFICATION

I, Houston Wade, declare under penalty of perjury that I have read the foregoing Defendants Supplemental Responses to Plaintiff's First Set of Interrogatories and Request for Production, know the contents thereof and believe the same to be true and complete.

DATED this ___8th___ day of June, 2023.


Houston Wade (Jun 8, 2023 11:33 PDT)
_____
Houston Wade


## ATTORNEY CERTIFICATION

The undersigned attorney for Defendant Houston Wade has read the responses to the foregoing Defendants Supplemental Responses to Plaintiff's First Set of Interrogatories and Request for Production and certifies that they are in compliance with FRCP 26(g).

DATED this ___12___ day of June, 2023.


WASHINGTON LAW GROUP, PLLC

*Erin Lane*
_____
Erin Lane, WSBA #42504
 Washington Law Group, PLLC
2319 N 45th St Ste 215A
Seattle, WA 98103
Telephone: (206) 686-6054
\Fax: (206) 400-7919
Attorneys for Defendant Houston Wade

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 19

## DECLARATION OF SERVICE

I, Erin Lane, declare under penalty of perjury under the laws of the State of Washington that served Defendant's Supplemental Response to Plaintiff's Frist Set of Interrogatories and Request for Production on June 12, 2023, to the following attorney of records by email and US Mail:


Paul Friedrich – pfriedrich@williamskastner.com
Jessica Cox – jcox@williamskastner.com
Allison Booker – Abooker@williamskastner.com

Williams Kastner & Gibbs PLLC
Attn: Paul Friedrich and Jessica Cox and Allison Booker
601 Union St Ste 4100
Seattle, WA 98101



/s/ Erin Lane_____
Erin Lane WSBA 42504

ADVERSARY CASE NO. 22-01039-TWDDEFENDANTS SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMNETS - 20

# Supp Resp to Interrog 1

Final Audit Report                                          2023-06-08

| | |
|---|---|
| Created: | 2023-06-08 |
| By: | Erin Lane (ErinL@washingtonstateattorneys.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAA3EWvyNEExuwnfTnqrM0HebBRBYsIMG9 |

## "Supp Resp to Interrog 1" History

Document created by Erin Lane (ErinL@washingtonstateattorneys.com)
2023-06-08 - 6:25:38 PM GMT- IP address: 73.243.151.70

Document emailed to Houston Wade (houstonwade@gmail.com) for signature
2023-06-08 - 6:26:10 PM GMT

Document e-signed by Houston Wade (houstonwade@gmail.com)
E-signature obtained using URL retrieved through the Adobe Acrobat Sign API
Signature Date: 2023-06-08 - 6:33:09 PM GMT - Time Source: server- IP address: 24.16.173.200

Agreement completed.
2023-06-08 - 6:33:09 PM GMT

**Adobe Acrobat Sign**