| | |
|---|---|
| Erin Lane WSBA 42504<br>Washington Law Group PLLC<br>2319 N 45th St Ste 215A<br>Seattle, WA 98103<br>P – 206.445.8281 | The Hon. Timothy Dore<br>Chapter 7<br>Hearing Date: 8.11.23 9:30am<br>Response Date 8.4.23<br>Location: Seattle 8106 |

# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>HOUSTON CURRY WADE,<br><br>                             Debtor.<br>_____<br><br>WILLIAM NELSON,<br><br>                            Plaintiffs,<br>vs.<br><br>HOUSTON CURRY WADE,<br><br>                            Defendant. | Bankruptcy No. 22-10582-TWD<br>Chapter 7<br><br>Adversary No.22-01039<br><br>DEBTOR'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGEMENT |

COMES NOW the Debtor, HOUSTON CURRY WADE, by and through his attorneys of record, Erin Lane of the Washington Law Group, PLLC, and respectfully requests this Court DENY the Plaintiffs' Renewed Motion for Summary Judgment. In Opposition to the Plaintiff's Renewed Motion for Summary Judgment, Mr. Wade respectfully asserts the following:

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 1

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 1 of 8

## I. UNDISPUTED FACTS

Mr. Wade adopts the undisputed facts of Mr. Nelson except for the following facts and additional facts:

**A. All Facts already listed in Mr. Wade's Motion for Summary Judgment Docket #52**

## II. AUTHORITY AND ARGUMENT

**A. INTRODUCTION**

Summary judgment is a "drastic remedy," available only where there exists no genuine issue of material fact:

> Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The Court must draw all reasonable inferences in favor of the non-moving party. The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.

*Wood v. Household Fin. Corp.*, 341 B.R. 770, 772 (W.D. Wash. 2006) (citations, brackets, and quotation marks omitted).

Questions about a person's intent or other state of mind require consideration of intangible factors and can rarely be resolved by summary judgment. *See In re Jones*, 298 B.R. 451 (Bankr. D. Kan. 2003); *In re Rowlands*, 346 B.R. 279 (B.A.P. 1st Cir. 2006); *In re Payne*, 283 B.R. 719 (Bankr. N.D. Ill. 2002).

DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 2

WASHINGTON LAW GROUP, PLLC
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 2 of 8

The Bankruptcy Code excepts from discharge "under section 727, 1141, 1228(a), 1228(b), or 1328(b)" any debt "for willful *and* malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6) (emphasis added). To be non-dischargeable, the injury caused must have arisen from an act that is *both* willful *and* malicious:

> Almost all of the cases under [Bankruptcy Code § 523(a)(6)] deal with the definition of the two words "willful and malicious." Initially one might think that willful and malicious mean the same thing. If they did, Congress should have used one word and not both. Most courts feel compelled to find some different meaning for each of them.

*Black's Law Dictionary* 1737 (9th ed. 2009); *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1146 (9th Cir. 2002) ("the 'malicious' injury requirement of § 523(a)(6) [is] separate from the 'willful' requirement"). The provisions of 11 U.S.C. § 523(a)(6) are to be construed liberally in favor of the debtor and strictly against the creditor. *In re Taylor*, 195 B.R. 228 (Bankr. E.D. Va. 1996).

Willful acts are those that are "voluntary and intentional, but not necessarily malicious." *Black's Law Dictionary* 1737 (9th ed. 2009). A "malicious injury," for purposes of the "willful and malicious" standard, requires (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) was done without just cause or excuse. *In re Sircoff*, 401 F.3d 1101 (9th Cir. 2005).

**B. DEBTOR LACKED THE SUBJECTIVE MOTIVE**

Plaintiff arguments fails because they argue "the outrageous vile language

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 3

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 3 of 8

contained within this defamatory publication clearly indicates that Defendant disseminated it with the intent… Again, no reasonable mind could conclude otherwise." This is the standard for recklessness. This is not the standard for 11 U.S.C. § 523(a)(6).

Reckless disregard is insufficient to establish willfulness under § 523(a)(6). *Geiger*, 523 U.S. at 61, 118 S.Ct. 974, 140 L.Ed.2d 90; *Su*, 290 F.3d at 1145-46. "The section's word "willful" modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely, as the Kawaauhaus urge, a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury" or selected an additional word or words, i. *e.,* "reckless" or "negligent," to modify "injury." Moreover, § 523(a)(6)'s formulation triggers in the lawyer's mind the category "intentional torts," which generally require that the actor intend the *consequences* of an act, not simply the act itself." Kawaauhau v. Geiger, 523 U.S. 57 (1998)

That the Bankruptcy Code's legislative history makes it clear that Congress did not intend § 523(a)(6)'s willful injury requirement to be applied so as to render nondischargeable any debt incurred by reckless behavior, reinforces application of the subjective standard. The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain. *Su* 290 F.3d at 1145-46.

Plaintiff's entire motion is based off of his counsel's speculation and nothing more. It is a far stretch to conclude Mr. Wade had the intent to intentionally inflict harm

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 4

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 4 of 8

to Mr. Nelson's reputation, business and emotion from Mr. Wade's posts. Especially when Mr. Wade has throughout state court proceedings and this one maintained his intent was to warn the public of men like Mr. Nelson. See declaration of Mr. Wade.

## 1. DEBTOR MADE STUPID AND FOOLISH STATEMENTS BUT DID NOT ACT WITH THE INTENT FOR WILLFUL INJURY

Here Mr. Wade made some stupid and foolish statements, but they do not meet the willful standard for a debt to be non-excepted from discharge under 11 USC 523(a)(6). The court in *Wentz v. Adkins* (*In re Adkins*) (B.A.P. 9th Cir. 2019) an adversary proceeding under §523(a)(6) was brought against the Debtor. **See** Exhibit A. "The only issue at trial and on appeal is whether the willful element was met." *Id*. There the debtor made posts on a blog he "further explained the surrounding circumstances; i.e., what he was doing on the blog, how he obtained information about the Wentzes and BMW, and how he used the blog to pass on information that he had 'heard' about the Wentzes and BMW." *Wentz v. Adkins* (*In re Adkins*) (B.A.P. 9th Cir. 2019).

"It was up to the bankruptcy court to determine the weight and credibility to give to Mr. Adkins' conflicting testimony. Once the court understood the surrounding circumstances, other inferences could be drawn about whether Mr. Adkins had the subjective intent to inflict the injury or whether he believed that injury was substantially certain to occur as a result of his conduct." *Id*. There the court held that the debtor acted "stupidly and foolishly."

Nowhere has Mr. Wade admitted to intentionally harming Mr. Nelson's reputation as Plaintiff's counsel claims. As Debtor has stated numerous times his intent

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 5

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 5 of 8

was to warn the community, specifically women and children, of bad actors. *See* Declaration of Houston Wade attached to this motion. The mission statement to the Bad List specifically included this: "Here at the Bainbridge Island Bad List our goal is to let you know just who the worst of our neighbors are. We think you should know who the rapists, abusers, and creeps are so that you can protect you and your loved ones with knowledge." *See* Docket #52 page 4 paragraph 3.

All the posts Plaintiff's counsel submitted in this adversary are not the full posts. This court has only seen snippets of what Plaintiff counsel wants the court to see. This court has not seen the full posts where others in the community have called him "Bad Bill" and their negative encounters with Mr. Nelson. *See* Declaration of Houston Wade attached to this motion. None of the posts, not a single one, does Mr. Wade state for someone to not invest, or encourage them to harm Mr. Nelson in any way. *Id*. Mr. Wade misspoke during his deposition, as one does when trying to remember what they wrote in an article 5 years ago. The article is attached as Exhibit A to Houston Wade's declaration.

### A. THE BANKRUPTCY POST WAS A "STUPID AND FOOLISH COMMENT"

Mr. Nelson filed for bankruptcy on November 8, 2013, in the Western District of Washington under case number 13-19879-MLB. This was 5 years prior to Mr. Wade posting an article about Mr. Nelson. Mr. Nelson listed his debts as primarily business debts. *See* declaration of Erin Lane. Mr. Nelson did not list any potential claim against Mr. Wade on his schedules. *Id*. Mr. Wade wasn't listed anywhere in Mr. Nelson's bankruptcy schedules. It is unclear in Ms. Booker's Motion if she is stating that Mr.

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 6

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 6 of 8

Nelson's bankruptcy was due to Mr. Wade and including that in his injuries with this lawsuit. If so, then Mr. Nelson is precluded from litigation such a claim since he did not disclose the claim in his schedules.[1]

By Ms. Booker pointing out the bankruptcy comment she is creating smoke and mirrors to what the crux of this adversary is about. There is a judgment based off the October 21, 2018, Bainbridge Island Bad List article written by Mr. Wade. The bankruptcy post that he, Mr. Wade, "worked hard to bankruptcy him and finally did" was just a stupid comment. Mr. Wade did not bankrupt Mr. Nelson. Mr. Nelson can be lumped into thousands of bankruptcies due to the 2008 recession just as many other contractors and developers. *See* Declaration of Houston Wade.

During Mr. Wade's deposition he further elaborated he did not know the parameters used by the bank to approve or disprove Mr. Nelson's loan. *See* ECF 55 Booker Decl., Exhibit 2, pg 48 lines 21-24. Which supports that his comment was made "stupidly and foolishly."

### B. THE OCTOBER 21, 2018, CAN BE "LIKENED TO GOSSIP"

As in *Wentz*, the October 21, 2018, article can be "likened to 'gossip'," Although Mr. Wade did experience some of the things, he posted about first hand, he was told most of it or found it in court documents. *See* declaration of Houston Wade. Others had also posted about their negative experiences with Mr. Nelson. *Id*. Mr. Wade has repeatedly stated his intent was to warn the community, especially women and children of bad

---

[1] 11 U.S.C. § 541(a) (1); 11 U.S.C. § 704(a) (1); 11 U.S.C. § 554(c).

DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Page 7

WASHINGTON LAW GROUP, PLLC
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 7 of 8

actors. *Id.* Mr. Nelson doesn't have any evidence Mr. Wade willfully injured him. Ms. Booker is simply speculating, as she did throughout his deposition, that Mr. Wade willfully injured. What she is glossing over is all the information he posted of Mr. Nelson was either first hand knowledge and also research he had done. All of this is stated in his deposition. *See* ECF 55 Booker Decl Ex 2 page 16 lines12-20. Page 17 lines 18-23, page 19 lines 21-25, page 20: She is trying to cover up Mr. Wade's stated intent throughout the entire State Court Litigation and this litigation was only to warn women and children of bad actors, essentially to protect the community. *Id* page 23 lines 24-15 and page 24 lines 1; Page 24 line 21-24; Page 26 line 25, page 27 lines 1-3.

## II. CONCLUSION

Mr. Wade therefore submits that Mr. Nelson's renewed motion for summary judgment should be denied and Mr. Wade's Motion for Summary Granted ECF #52 granted.

DATED this  4th day of August 2023

By  /s/ Erin Lane
Erin Lane, WSBA #42504
Attorney for Debtor/Defendant

**DEBTOR'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 8

**WASHINGTON LAW GROUP, PLLC**
2319 N 45th St Ste 215A
Seattle, WA 98103
TELEPHONE 206.686.6054
FAX 206.400.7919

Case 22-01039-TWD    Doc 57    Filed 08/04/23    Ent. 08/04/23 16:18:57    Pg. 8 of 8