# EXHIBIT D6

Houston Wade
C/O Bruciato
236 Winslow Way East
Bainbridge Island, WA 98110
houstonwade@gmail.com

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KITSAP

WILLIAM P. NELSON,

    Plaintiff,

vs.

HOUSTON WADE,

    Defendant

Case No.: 18-2-03205-18

ANSWER

RECEIVED AND FILED
JAN 16 2019
KITSAP COUNTY CLERK
ALISON H. SONNTAG

COMES NOW the defendant Houston Wade in answering the allegations of the Complaint on file herein, affirms, denies, and alleges as follows:

Answering the allegations of Paragraph 1 of the Complaint herein, Mr. Wade denies that Mr. Nelson relies on the trust of his clients and customers and Mr. Wade alleges that Mr. Nelson instead relies upon their ignorance of his many crimes and violations.

Answering the allegations of Paragraph 2 of the Complaint herein, Mr. Wade denies that he is in his mid 30's and alleges that he is in individual in his late 30's. Mr. Wade affirms that he is a resident of Kitsap County, Washington. Mr. Wade affirms that he is the publisher the Facebook news page "The Bainbridge Island Bad List" located at the URL https://www.facebook.com/The-Bainbridge-Island-Bad-List-2159138697707311. Mr. Wade affirms that he posted an article about Mr. Nelson. Mr. Wade denies that the page, or the article about Mr. Nelson, is defamatory since defamation requires lies to be present. Mr. Wade alleges that Mr. Nelson does not have enough positive regard in the community for his character to be defamed

Answering the allegations of Paragraphs 3 of the Complain herein, Mr.

ANSWER - 1

18-2-03205-18
AN       18
Answer
4670097

Wade affirms all facts.

Answering the allegations of Paragraph 4 of the Complaint herein, Mr. Wade affirms that he wrote an article alleging that Mr. Nelson committed rape and got away with it and alleges that the Bainbridge Island Police Department did not due their duty to help the victim of the assault. Mr. Wade affirms that several years later Mr. nelson's victim did commit suicide leaving her son without a mother. Mr. Wade denies that the rape occurred in "Fort Warden". Mr. Wade alleges that the rape occurred in a home in the Ft. Ward neighborhood on Bainbridge Island. Mr. Wade denies that anything he wrote in the article is fabricated, a lie, or false and that none of what he wrote constitutes defamation.

Answering the allegations of Paragraphs 5 of the Complain herein, Mr. Wade affirms that Mr. Nelson abused his wife and children and has previously assaulted his children. Mr. Wade affirms that he was between he ages of 4 and 5 years old when Mr. Nelson moved into the Olsen residence at 330 Grow Ave NW, Bainbridge Island which was upstairs from Mr. Wade. Mr. Nelson testified under oath at the Du Wors v. Wade hearing at the Bainbridge Island Municipal Court on November 6th, 2018 that this was a period of notable cocaine use by his person. Mr. Wade denies that any of these allegations are untrue, a lie, or defamatory.

Answering the allegations of Paragraph 6 of the Complaint herein, again, Mr. Wade affirms that there are other articles on "The Bainbridge Island Bad List" but denies that any of them are defamatory. Mr. Wade affirms that he has not discouraged the dissemination of any of this factual material. Mr. Wade alleges that the comments made under his post about Mr. Nelson confirms the already existing negative opinion of Mr. Nelson by the community, and many of the comments confirm Mr. Nelson's predilection for underage girls, drinking to excess, and repeated sexual assault.

ANSWER - 2

Answering the allegations of Paragraph 7 of the Complaint herein, Mr. Wade denies that he has encouraged others to be vindictive towards Mr. Nelson. Mr. Wade alleges that he has in fact encouraged others, especially women and girls, to stay away from Mr. Nelson. Mr. Wade denies that he bankrupted Mr. Nelson. Mr. Wade alleges that he brags about how he HELPED bankrupt Mr. Nelson. Mr. Wade alleges that the actual bankrupting was due to Mr. Nelson stalking and harassing a commercial loan officer who managed to get Mr. Nelson blackballed from most lenders in the state of Washington as the result of Mr. Nelson's own actions.

Answering the allegations of Paragraph 8 of the Complaint herein, Mr. Wade denies that any of what he wrote constitutes defamation. Mr. Wade affirms that anyone who reads his posts on his personal page or on "The Bainbridge Island Bad List" would have been made aware of sex crimes Mr. Nelson has committed against women and girls. Mr. Wade alleges that people who read the comment concerning the "Chicken Coop" would also have read the underneath comment by Mrs. Meghan Angell, who was brought to perform sex acts there as a minor, confirming the allegation by writing the words "Disgusting. And true…" Mr. Wade affirms that the underage sex parties at the Chicken Coop were in conjunction with both members of the Bainbridge Island Police Department and the Bainbridge Island Fire Department. Mr. Wade confirmed this with a man who was a member of the fire department who was invited to, and attended, one of the underage sex parties organized by Mr. Nelson and his compatriots. Mr. Wade denies that the statements are untrue, lies, or defamation. Mr. Wade alleges that people confirmed Mr. Nelson's actions and character on the concerning posts made about Mr. Nelson to Facebook.

Answering the allegations in Paragraph 9 of the Complaint herein, Mr. Wade denies that any of the posts to Facebook or other websites are defamatory. Mr. Wade affirms that he alleges criminal behavior by Mr. Nelson

ANSWER - 3

including rape, child abuse, domestic violence against a spouse, illegal and immoral acts involving minor females, and providing alcoholic beverages and illicit drugs to minors. Mr. Wade denies that Mr. Nelson defrauded business partners and investors. Mr. Wade alleges that Mr. Nelson is of such awful character, an abuser of alcohol and drugs, and so bad at business that his investors and partners lost their money.

Answering the allegations of Paragraph 10 of the Complaint herein, Mr. Wade has no knowledge of any letters sent to Mr. Nelson's clients. Mr. Wade asks if any police reports were ever made regarding the incident(s). Mr. Wade denies that Mr. Nelson is fearful. Mr. Wade alleges that Mr. Nelson has a history of stalking and threatening members of the community including Mr. Wade himself. Mr. Wade alleges that Mr. Nelson has come to Mr. Wade's place of work specifically to film him and has passed the footage on to Mr. Rick Rynearson to publish to Twitter, Facebook, and YouTube. Mr. Wade does not support using lime on Mr. Nelson. Mr. Wade repeatedly encourages everyone, especially women and girls, to stay away from Mr. Nelson.

Answering the allegations of Paragraph 11 of the Complaint herein, Mr. Wade again denies that the post and article concerning Mr. Nelson are defamatory. Mr. Wade alleges that the post and article do indeed constitute protection under the 1st Amendment to the Constitution of the United States.

Answering the allegations of Paragraph 12 of the Complaint herein, Mr. Wade denies he has injured Mr. Nelson's reputation, "good name", mental tranquility, ability to conduct his profession, and Mr. Wade denies that he has contributed to Mr. Nelson's loss of business, or ability to about Bainbridge Island. Mr. Wade alleges that a large portion of the population of Bainbridge Island already hold Mr. Nelson's reputation in an overwhelmingly negative light and that Mr. Nelson does not have a "good name" to tarnish. Mr. Wade alleges that the truthful post and article about Mr. Nelson does not

ANSWER - 4

warrant the award of any damages.

Answering the allegations of Paragraph 13 of the Complaint herein, Mr. Wade denies that his community service of making the remaining population of Bainbridge Island aware of Mr. Nelson's illegal and dangerous behavior warrants the issuance of a temporary restraining order. Mr. Wade denies that any damage to Mr. Nelson's reputation is the fault of Mr. Wade. Mr. Wade alleges than any negative reputation of consequences Mr. Nelson encounters is due to Mr. Nelson's predatory behavior and over use of drugs and alcohol. Mr. Wade agrees that Mr. Nelson will continue to suffer irreparable harm to his business, income, health, mental tranquility, and reputation, but Mr. Wade alleges that this is because of Mr. Nelson's own actions and history of admitted substance abuse.

Answering the allegations of Paragraph 14-17 of the Complaint herein, Mr. Wade denies any and all allegations.

### Defense 1 – Failure to State a Claim

Defendant answering the Complaint herein, alleges that all allegations and counts brought forth therein fails to state a claim for which relief can be granted.

WHEREFORE, Defendant prays that the Plaintiff take nothing, and the Defendant have judgement against the Plaintiff and recover the costs of suit herein, and such other relief the court may deem proper.

Dated this 29th day of December 2018.

Houston Wade
C/O Bruciato
236 Winslow Way East
Bainbridge Island, WA 98110

ANSWER - 5